Mr. Justice Thacher
delivered the opinion of the court.
Trezevant, Carr & Chester had a suit at law pending against Bostwick’s estate, at the time it was represented insolvent by the administrator. The commissioners of insolvency, in their report, which was confirmed in 1844, mention that this claim was submitted to them, and was then in suit awaiting a judgment, but they omitted to consider it as a claim, or to make an allowance for it. In 1846, this claim, which had then matured to a judgment against the estate, was filed in the clerk’s office of the probate court. The court decreed the claim to be barred as against the estate, and refused to reopen the commission or report so as to let it in for its pro rata share of the assets of the estate.
By the act of June 30th, 1822, Hutch. Dig. 673, art. 2, sec. 1, *578 it is provided, that “ in case any suit shall be pending against an executor or administrator, at the time he, she, br they shall represent the estate of the testator or intestate insolvent, such suit shall not abate, or be. dismissed, in consequence of such insolvency, but the plaintiff may proceed to trial and judgment; no execution shall issue on such judgment against any such insolvent estate, but shall and may be filed as a claim against the estate of such testator or intestate,” &c.
By virtue of the foregoing statute, it is not required of a creditor of an insolvent decedent’s estate, whose claim is pending in a suit at law when the commission goes out to adjust the claims of creditors, to present the same until after a judgment rendered upon such claim. This is a right given by law to a creditor under such circumstances ; and, because the report of the commissioners is returned and allowed by the court before the claim of such creditor has matured to judgment, the creditor cannot thereby lose'his claim, if he then file it against the estate, in accordance with the statute. On the other hand, it is most prob-ablythe duty of an administrator, when his intestate’s estate has been put in the hands of commissioners of insolvency, and when suits are pending against such estate, to notify those commissioners of the suits so pending, in order that they may make their allowance, and report in view of such probable claims against the estate. The administrator always has notice of claims in this predicament, and it is, as we are inclined to think, his duty to those creditors, by virtue of the statute, and his interest for his own protection, to insist that a reservation shall be made by the commissioners, of so much of'the assets of the insolvent intestate’s estate as may be deemed needful to meet the possible contingency of the claims being matured to judgment against the estate, although, if not so matured, this may create a fund to be afterwards redivided among the creditors.
In this case, the claim was before the commissioners, but they disregarded it in making their allowance and striking the dividends of the creditors. ' At this stage, the administrator should have contended in the probate court for a correction of the commissioners’ report in this particular and to this extent, so as ulti *579 mately to have protected these creditors and himself. He failed to do this; and was thereby and to that extent guilty of an act of mal-administration, for which he perhaps may be made liable to those creditors upon a proper showing, in a proper proceeding, for their ratable share. But as to this, we reserve an unqualified opinion.
If was the business of the administrator, and not of the creditor, to have presented this claim to the notice of the commissioners, and to have required its protection in the event of its successful prosecution at law against the estate; and therefore the creditors in this instance have made no neglect in the transaction, but that comes home to the administrator.
It is now too late to reopen the report. The objection taken to it upon another account is we think insufficient, and at least cannot be taken advantage of by these creditors.
The decree of the probate court, refusing to permit the report to be opened so as to let in this claim, must therefore be affirmed.